IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MAHENDRA H. SHAH, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | |
| TRAVELERS INDEMNITY COMPANY, *et al.* | * | Case No.: <u>MJG-02-CV-348</u> |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO LIFT STAY
and MOTION FOR INVOLUNTARY DISMISSAL or in the alternative MOTION FOR
SUMMARY JUDGMENT</u>**

**I.    Introduction**

Plaintiff Mahendra Shah's criminal conviction and sentencing related to fraud and arson involving a January 6, 2001 fire at Plaintiffs' property insured by Defendants Travelers Indemnity Company and Charter Oak Fire Insurance Company, and Travelers Property Casualty (collectively "Travelers") bars Plaintiffs' recovery in the instant suit involving the same fire. As the criminal proceedings are now at an end, the stay in place in this matter should be lifted and as further discussed below, the case dismissed or summary judgment granted in favor of Travelers.

**II.    Procedural History and Plaintiff Mahendra Shah's criminal conviction for arson
and fraud related to the January 6, 2001 fire at issue in the instant case**

At the end of 2001, Plaintiffs Mahendra and Jyoti Shah filed suit against Travelers in the Circuit Court for Baltimore City, Maryland alleging that Travelers breached its insurance policy issued upon property Plaintiffs' owned at 613-661 S. Monroe St. in Baltimore, Maryland (otherwise known as "Shah Industrial Park") by failing to pay them for damages incurred due to

a fire at the property on January 6, 2001. In their Complaint, Plaintiffs also alleged that Travelers was negligent in its claim investigation and made and published defamatory statements about them. Travelers subsequently removed the suit to federal court. The parties proceeded with the discovery process until Plaintiffs moved to stay the case following a 20-count indictment against Plaintiff Mahendra Shah on December 19, 2002. In their unopposed Motion to Stay Proceedings, Plaintiffs acknowledged that the criminal indictment "concerned the same events which are the subject of this case" and "depending on the outcome of the criminal proceedings, the present action could be moot." Plaintiffs' Motion to Stay at ¶¶ 2, 3. On December 30, 2002, the Court issued an order staying the proceedings pending any further order from the Court and in relevant part noting that any motion to lift the stay had to be made within six months of the conclusion of the criminal proceedings.

On April 28, 2004 the jury in *United States v. Mahendra Shah*, United States District Court for the District of Maryland, Criminal Docket No. L-02-0560, returned a verdict finding Plaintiff Mahendra Shah guilty on 18 of 19 counts against him including arson (Count 19), mail and wire fraud (Counts 11-13), and the use of fire to commit a felony (Count 20) related to the January 6, 2001 fire. Exhibit 1, certified copy of the Statement of Facts Proven at Trial submitted by the United States and the Verdict Form. On May 17, 2005, Judge Legg sentenced Mr. Shah to fifteen years imprisonment and ordered him to pay restitution in the amount of $200,000 to Travelers for insurance proceeds Mr. Shah obtained and $25,000 to Travelers' attorneys in the instant case for fees incurred in defending against the instant action. Exhibit 2, certified copy of Judgment in a Criminal Case. On June 27, 2005, Mr. Shah appealed the Final Judgment and on September 17, 2005, the appeal was decided in favor of the United States. Exhibit 3, Notice to Jeffrey Wothers.

Due to the jury verdict in the underlying criminal action, on May 20, 2005, Traveler's counsel mailed a stipulation of dismissal to Plaintiffs' counsel requesting that they execute and file the same in the instant case. Exhibit 4. To date, Plaintiffs' counsel refuses to consent to the dismissal of the instant case and has failed to contact their clients to obtain permission to do so. As a result, Travelers requests that the Court lift the stay in this case and dismiss the matter and/or grant summary judgment in favor of Travelers.

### III. The stay in the instant case should be lifted as the related criminal proceedings are finally concluded.

As noted above, Plaintiff Mahendra Shah has been sentenced for the crimes committed in relation to the January 6, 2001 fire and his appeal was decided in favor of the United States on September 17, 2005. Furthermore, the Court's Order staying this case provided that any motion to lift the stay be made within six months of the conclusion of the criminal proceedings. It is therefore now appropriate for the stay in the instant case to be lifted.

### IV. The instant case should be dismissed or summary judgment granted in favor of Travelers due to the criminal case jury finding Plaintiff Mahendra Shah guilty of arson, fraud and use of fire to commit a felony in regards to the January 6, 2001 fire for which Plaintiffs seek to recover insurance proceeds here.

Plaintiffs' Complaint against Travelers is founded upon their contention that Travelers wrongfully denied Plaintiffs' claim for insurance proceeds for damages sustained as result of the January 6, 2001 fire at the Shah Industrial Park and wrongfully alleged that the fire was deliberately set by Plaintiff Mahendra Shah. Complaint at ¶ 7 *et seq*. Using the more strident criminal standard of "beyond a reasonable doubt," a jury of his peers found Plaintiff Mahendra Shah guilty of arson, fraud, and use of fire to commit a felony in relation to the January 6, 2001 fire. Exhibits 1 and 2. Additionally, Judge Legg considered the misrepresentation and fraud of

3

Plaintiff Mahendra Shah in the course of Traveler's claim investigation of the January 6, 2001 fire, and considered them sufficiently egregious so as to warrant the forfeiture of Traveler's attorney's fees for the investigation. Exhibit 2. In their Motion to Stay Proceedings, Plaintiffs admit that the criminal case involved the same events at issue in the instant matter. Motion to Stay at ¶ 2. Plaintiffs further admit that findings made by the jury in the criminal case could make the instant case moot. *Id.* at ¶ 3.

Travelers' primary defense to the allegations in Plaintiff's Complaint is that it has no obligation to make payment for loss and damage intentionally and fraudulently caused. Here, the jury verdict in the criminal case rendered after a lengthy trial with the opportunity to hear from many witnesses, including several Travelers' employees and agents deposed in the instant case, and view and consider many exhibits, including the insurance policy at issue here, leaves no doubt that Plaintiff Mahendra Shah was involved in the commission of the January 6, 2001 fire, and used fraud to cause the fire and pursue the related insurance claim. The jury verdict in the criminal case therefore provides Travelers with a complete defense to all of the allegations in Plaintiffs' Complaint here. As a result, Plaintiffs may not recover for any of their claims and the instant case should be dismissed or summary judgment granted in favor of Travelers.

### V.  Conclusion

For the reasons stated above, Defendants request that the Court lift the stay in the instant case and then proceed to dismiss it or grant summary judgment in their favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. WOTHERS
Bar No. 9439

/s/
LUCINDA E. DAVIS
Bar No. 26156
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, 14th Floor
Baltimore, Maryland 21202
(410) 783-6300
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2005, a copy of the foregoing Memorandum in support of Motion to Lift Stay and Motion for Involuntary Dismissal or in the alternative Motion for Summary Judgment was served via mail and electronic transmission upon:

Allan B. Rabineau, Esquire
William R. Teets, Esquire
The World Trade Center, Suite 2252
401 E. Pratt Street
Baltimore, MD 21202
*Attorneys for Plaintiffs*

/s/
Lucinda E. Davis