IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

MAHENDRA H. SHAH, *et al.*              *

     Plaintiffs                           *

v.                                             *

TRAVELERS INDEMNITY COMPANY, *et al.*   *     Case No.: <u>MJG-02-CV-348</u>

     Defendants                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR INVOLUNTARY DISMISSAL or in the alternative MOTION FOR SUMMARY JUDGMENT</u>**

**Introduction**

       In their Opposition to Defendants' Motion for Involuntary Dismissal or in the alternative Motion for Summary Judgment, Plaintiffs do not dispute any facts or documentation presented to the Court by Defendants. Instead, Plaintiffs oppose the motion only upon the legal argument that Mr. Shah's criminal conviction is inadmissible under Maryland law for use by Defendants (hereinafter "Travelers") in their defense against Plaintiffs' allegations that Travelers breached the relevant insurance policy and engaged in defamation of Plaintiffs. In this case however, Plaintiffs' suit is either barred by collateral estoppel due to Mr. Shah's arson conviction and/or as introduction of the conviction into evidence is permitted by federal law. As a result and for the reasons more fully discussed below, the Court should dismiss the instant civil action or in the alternative grant summary judgment in favor of Defendants upon the same.

A.  **Collateral estoppel bars the instant suit as the issue of Mr. Shah's involvement in the setting of the January 6, 2001 fire has already been fully litigated and determined in the criminal proceedings against him**

The preclusive effect of a prior federal judgment is determined by federal law. *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179(4th Cir. 1989). Federal courts have long-recognized that "a criminal conviction can prevent a party from relitigating issues in a subsequent civil proceeding." *S.E.C. v. Zandford*, 238 F.3d 559, 562 (4th Cir. 2001) (*citing Emrich Motors Corp. v. General Motors Corp.*, 340 U.S. 555, 568 (1951)). The notion that federal law contemplates felony convictions acting in a preclusive manner in a subsequent civil trial is further confirmed by the Advisory Committee Notes to Fed. R. Evid. 803 (22). They note that a prior judgment for a felony in a criminal proceeding may be "conclusive under the doctrine of res judicata, either as a bar or a collateral estoppel."[1] The doctrine of collateral estoppel will serve as a bar to re-litigation when 1) the issue sought to be precluded is the same as that in the previous litigation; 2) the issue was actually determined in the prior matter; 3) determination of the issue was a necessary part of the previous litigation; 4) the prior judgment is valid and final; and 5) the party against whom estoppel is asserted had the opportunity to fully and fairly litigate the issue in the previous forum. *Zandford*, 238 F.3d at 562. (*citing Sedlack v. Braswell Services Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

All of the elements of collateral estoppel are present in the instant case and serve to bar Plaintiffs' suit mandating its dismissal. Here there is no dispute that a federal jury found Mr. Shah guilty of arson relating to the January 6, 2001 fire that is the subject of the instant suit, that

---

[1] The Advisory Committee Notes go on to explain that this situation does not "involve any problem of evidence except in the way that principles of substantive law generally bear upon the relevancy and materiality of evidence." They further indicate that the court and note the rule itself determines "the substantive effect of the judgment as a bar or collateral estoppel."

this was a felony, or that Mr. Shah was validly and finally convicted and sentenced for the same and other related matters. *See* Exhibits 1 & 2 to Defendants' Motion noting the verdict and conviction of Mr. Shah on Count 19 of the Indictment for arson. Mr. Shah had ample opportunity to fully and fairly litigate the issue of whether he set or was involved in setting the January 6, 2001 fire in the criminal proceedings and due to the higher standard and penalties involved, every incentive to defend himself vigorously on this matter.

  Central to Travelers' defense in the instant case to the defamation and breach of contract allegations made by Plaintiffs is that Mr. Shah committed arson with regard to the January 6, 2001. After investigating Plaintiffs' claim stemming from the fire loss, Travelers denied it for several reasons including its conclusion that Mr. Shah intentionally caused the loss thereby negating coverage for the claim. The jury in the criminal proceeding found that Mr. Shah intentionally set or was involved in the setting of the January 6, 2001 fire. This conclusively supports Travelers' denial of Plaintiffs' claim for the same reason. This makes dismissal or summary judgment in favor of Defendants appropriate in regards to Count I of the Complaint alleging breach of contract. Furthermore, the jury verdict that Mr. Shah set the January 6, 2001 fire confirms that Travelers properly investigated Plaintiffs' claim in this case and indeed arrived at the correct conclusion concerning its legitimacy. Count II of Plaintiffs' Complaint alleging that Travelers was negligent in its investigation should also be dismissed or summary judgment granted in favor of Defendants. And similarly, Mr. Shah's arson conviction conclusively supports Travelers' defense of truth to Count III of Plaintiffs' Complaint alleging defamation. Continuing with the instant litigation will mean that the same issue, namely Mr. Shah's involvement in the setting of the January 6, 2001, fire will be re-litigated as part of Travelers' defense to Plaintiffs' Complaint. Therefore, as a matter of law and in order to preserve the

resources of this Court, the parties and others, application of the doctrine of collateral estoppel mandates the dismissal of Plaintiffs' suit or a grant of summary judgment in favor of Travelers in the instant suit.

B. **Dismissal or summary judgment is appropriate here as federal law does not exclude Travelers' use of Mr. Shah's arson conviction and facts presented therein to prove its defenses to his allegations of breach of contract and defamation at trial; Maryland law is not applicable to determine the admissibility of Mr. Shah's arson conviction in the instant civil suit**

While Maryland law applies to the substantive matters before the Court in this action founded upon diversity jurisdiction, federal law governs procedural and evidentiary matters, such as the admissibility and sufficiency of evidence. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *DeMaine v. Bank One,* 904 F.2d 219, 220 (4th Cir. 1990). Unlike the Maryland common law cited by Plaintiffs in opposition to the instant motion, federal law pursuant to Fed. R. Evid. 803 (22) provides that Defendants may use Mr. Shah's felony conviction in to prove facts relating to their defense. In relevant part, Rule 803 (22) permits the introduction of:

> Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment....

The Advisory Committee Notes to this section explain that usually this evidentiary rule is invoked in situations that do not meet the standards for preclusion by res judicata or collateral estoppel and that such judgments may be either "admissible for what they are worth" or might be "of no effect at all" unless a party offers a plausible explanation for a prior felony conviction. As federal law therefore, does not exclude Mr. Shah's arson conviction from being introduced into evidence at any subsequent civil trial, it is proper for the Court to use such evidence in determining whether dismissal or summary judgment is appropriate in this matter.

**Conclusion**

For the reasons stated above and in their prior motion and supporting documentation, Defendants request that the Court dismiss the instant action or grant summary judgment in their favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. WOTHERS
Bar No. 9439


_____/s/_____
LUCINDA E. DAVIS
Bar No. 26156
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, 14th Floor
Baltimore, Maryland 21202
(410) 783-6300
*Attorneys for Defendants*


**TABLE OF AUTHORITIES**

Fed. R. of Evid. 803(22)

*DeMaine v. Bank One,* 904 F.2d 219 (4th Cir. 1990)

*Emrich Motors Corp. v. General Motors Corp.,* 340 U.S. 555 (1951)

*Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)

*S.E.C. v. Zandford,* 238 F.3d 559 (4th Cir. 2001)

*Sedlack v. Braswell Services Group, Inc.,* 134 F.3d 219 (4th Cir. 1998)

*Shoup v. Bell & Howell Co.,* 872 F.2d 1178 (4th Cir. 1989)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2006, a copy of the foregoing Reply Memorandum in support of Motion for Involuntary Dismissal or in the alternative Motion for Summary Judgment was served via electronic transmission upon:

Allan B. Rabineau, Esquire
William R. Teets, Esquire
The World Trade Center, Suite 2252
401 E. Pratt Street
Baltimore, MD  21202
*Attorneys for Plaintiffs*

_____/s/_____
Lucinda E. Davis