```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

MAHENDRA H. SHAH, et al.       *

          Plaintiffs           *

             vs.               *   CIVIL ACTION NO. MJG-02-348

TRAVELERS INDEMNITY COMPANY,   *
et al.
                               *
          Defendants
*     *     *     *     *     *     *     *     *
```

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendants' Motion for Involuntary Dismissal or in the Alternative, Motion for Summary Judgment [Paper 21] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

On January 6, 2001, property owned by Plaintiffs burned. Plaintiffs filed claims for indemnity from their fire insurer. The insurer investigated and denied the claims, asserting that the fire had been caused by Plaintiffs.  The Plaintiffs filed this suit February 5, 2002 asserting claims for breach of contract, negligence and defamation based, essentially, on the contention that Defendants wrongly took the position that Plaintiffs had caused the fire.

 On December 30, 2002, this Court stayed the instant case pending resolution of a criminal prosecution of Plaintiff Mahendra Shah for alleged arson (and other charges) in connection

with the subject property.  The said Plaintiff was convicted, and sentenced to 15 years of imprisonment.  It appears from the docket of this Court that the criminal case is pending on appeal[1].

The Defendants, in view of the conviction, seek involuntary dismissal of the case or, alternatively, summary judgment.  Only the summary judgment motion need be discussed herein.

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In evaluating any motion for summary judgment the Court must bear in mind that:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. P. 1).

---

[1] The Court notes that the Defendants received notice from the Justice Department that indicated that the appeal had been resolved in favor of the United States on September 17, 2005.  However, the docket of this Court does not confirm this and indicates that the record was certified for appeal on November 2, 2005.

In order to defeat a motion for summary judgment, "the party opposing the motion must present <u>evidence</u> of specific facts from which the finder of fact could reasonably find for him or her." <u>Mackey v. Shalala</u>, 43 F.Supp.2d 559, 564 (D.Md. 1999) (emphasis added). However, "[t]he arguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, fail to meet the evidentiary standard necessary to create a genuine issue of material fact." <u>Rountree v. Fairfax County School Bd.</u>, 933 F.2d 219, 223 (4th Cir. 1991).

Defendants' ground for summary judgment is, quite simply, that there is an unrefuted jury finding that Plaintiff Mahendra Shah deliberately caused the fire at issue. It is not necessary to decide whether the verdict, until affirmed on appeal, is absolutely conclusive. The verdict is certainly adequate to support a motion for summary judgment and require Plaintiffs to present <u>evidence</u> to establish the existence of a genuine issue of material fact.

Plaintiffs' responses to the motion consist of the conclusory statements of counsel that Mr. Shah contested his guilt of the criminal charges. There is not an affidavit, or even a statement of counsel, expressly stating that Plaintiff Mahendra Shah did not, in fact, deliberately cause the fire at

issue.  The response is manifestly inadequate to avoid summary judgment.

For the foregoing reasons:

1. Defendants' Motion for Involuntary Dismissal or in the Alternative, Motion for Summary Judgment [Paper 21] is GRANTED IN PART AND DENIED IN PART.

    a. Summary Judgment is GRANTED.

    b. Involuntary Dismissal is DENIED AS MOOT.

2. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Thursday, March 2, 2006</u>.

____/ s /____<br>
Marvin J. Garbis<br>
United States District Judge